**U.S. DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **West Coast Productions, Inc.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case Number 1:11-cv-00055-EGS-JMF** |
| | ) | |
| **DOES 1 – 1434** | ) | |
| | ) | |
| **Defendants.** | ) | |
| —————————————————— | ) | |

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO NAME AND SERVE DEFENDANTS [Fed. R. Civ. P. 4(m)]

I. INTRODUCTION

Plaintiff submits this statement regarding the status of service on Defendants and requests an extension of time to name and serve Defendants.

To briefly summarize Plaintiff's case, as set forth in Plaintiff's January 10, 2011 Complaint, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture (the "Movie"), over the Internet.  At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement.  The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

1

Plaintiff has received no information from any ISPs sufficient to identify certain Doe Defendants.[1] Therefore, Plaintiff requests that the Court extend the time by which Plaintiff must name and serve the Defendants in this case to a reasonable time after Defendant has received the identifying information for all Defendants.

II. ARGUMENT

    A.    UPON A SHOWING OF GOOD CAUSE, THE COURT MUST EXTEND THE TIME FOR SERVICE ON DEFENDANTS.

Pursuant to Federal Rule of Civil Procedure, a defendant must be served within 120 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  However, if the plaintiff shows good cause for the failure to serve a defendant, "the court *must* extend the time for service for an appropriate period."  *Id.* (emphasis added); see also Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338, 340 (7th Cir. (Ill.) 1996) ("In other words, where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended.").  Further, district courts have discretion to grant extensions of the 120-day period to effect service of process even in absence of good cause.  *See* Henderson v. U.S., 517 U.S. 654, 662, 116 S.Ct. 1638, 1643 (1996) (citing Advisory Committee's Notes on Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654).[2]

---

[1] The Court has yet to rule on Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (hereinafter the "Motion").  Plaintiff's request for extension is predicated upon a favorable ruling on its Motion. There is a long line of authority in this Court granting motions in similar cases.  See, e.g., Call of the Wild Movie, LLC v. Does 1 – 1,062 (D.D.C March 22, 2011) (Howell, B.); Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 7 (D.D.C. Apr. 28, 2008) (Kollar-Kotelly, J.); Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) (Robertson, J.); Twentieth Century Fox Film Corporation, et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, J.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, J.); UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, J.); Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) (Lamberth, J.).

[2]  "The factors to be considered in deciding whether to grant this relief are '(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'" Beauvoir v. U.S. Secret Service, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (quoting Carroll v. Certified Moving & Storage Co., LLC, 2005 WL 1711184 (E.D.N.Y) at *2).

"To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay." Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106, 109 (N.D.N.Y. 2001). "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting Nat'l Union Fire Ins. Co. v. Sun, No. 93 Civ. 7170(LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)).

When a complaint involves unidentified, "doe" defendants, the courts have been sympathetic to allowing a plaintiff additional time beyond the initial 120 days to conduct discovery to identify the defendants and subsequently name and serve them. See Aviles v. Village of Bedford Park, 160 F.R.D. 565, 568 (N.D.Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); see also Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. (Wash.) 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

### B.      PLAINTIFF HAS GOOD CAUSE TO EXTEND THE TIME LIMIT FOR SERVICE.

Plaintiff has good cause why it has not named and served the defendants in this case within 120 days of filing the complaint.  Plaintiff's complaint was filed on January 10, 2011 and named Does 1-1434 as Defendants. [Doc. No. 1]  Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference on January 26, 2011, which the Court has yet to rule upon. [Doc. No. 3].  Subsequently, on March 18, 2011 Plaintiff filed a Supplemental Memorandum of Points and Authorities in Support of its Motion.  [Doc. No. 5].

Obviously, Plaintiff has not yet received information from the ISPs as Plaintiff awaits a ruling on its Motion.  Thus, good cause exists as to why Plaintiff has not yet named and served the Defendants in this case.  First, Plaintiff has not yet received the identifying information for the Doe Defendants.  Second, Plaintiff has not yet been able to ascertain the merits of its claims against the Doe Defendants so as to ensure Plaintiff does not prosecute frivolous claims. Further, the Defendants have not been prejudiced by any delay in naming and serving them and will not be prejudiced by an extension.  Therefore, the Court should extend the time for service for an appropriate period to allow Plaintiff to obtain identifying information from the ISPs and to properly determine the validity of its claims against the Doe Defendants before naming and serving them.

In the alternative, the Court should exercise its discretion in allowing Plaintiff additional time to name and serve the Defendants.  Again, none of the Defendants will be prejudiced by the granting of Plaintiff's request.[3]

---

[3]  If the court decides to deny Plaintiff's request to extend the time to serve Defendants, Plaintiff requests that the court order that service be made within a specified time or dismiss the action *without* prejudice.  Fed. R. Civ. P. 4(m).

III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the court extend the time by which Plaintiff must name and serve the Defendants in this case. In an abundance of caution, Plaintiff requests an additional 270 days in which to effectuate service or voluntarily dismiss this case without prejudice.

Respectfully submitted,


**DATED**:  May 2, 2011

                                          Respectfully submitted,

                                          West Coast Productions, Inc.

                                          By Counsel

                                          By:

                                          /s/_____
                                          Ellis L. Bennett, Bar #479059
                                          Dunlap Grubb & Weaver, PLLC
                                          199 Liberty Street, SW
                                          Leesburg, VA 20175
                                          ebennett@dglegal.com
                                          703-777-7319 (telephone)
                                          703-777-3656 (fax)


                                          On Behalf of Kenneth J. Ford, *Not Admitted*
                                          Adult Copyright Company
                                          322 W. Washington Street, Suite 8
                                          Charles Town, WV 25414
                                          kford@adultcopyrightcompany.com
                                          304-945-0288 (telephone)
                                          304-945-0288 (select fax option)


                                          *Attorney for the Plaintiff*