**U.S. DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **West Coast Productions, Inc.** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case Number 1:11-cv-00055-EGS** |
| ) | |
| **DOES 1 – 1434** ) | |
| ) | |
|     **Defendants.** ) | |
| _____) | |

# SECOND SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES ON MOTION FOR DISCOVERY

On or about January 26, 2011, Plaintiff, a film-maker and motion picture copyright holder, filed a Motion and Memorandum requesting discovery prior to the Rule 26(f) Conference.  Since the Court has not yet issued an Order on said Motion, Plaintiff files this Second Supplemental Memorandum on its Motion for Discovery.  Plaintiff incorporates herein by reference its prior Motion, Memoranda and supporting documents.  Plaintiff urges the Court to rule on this motion expeditiously as data that would allow Plaintiff to identify the Doe Defendants is becoming more and more stale by the day as ISP's only retain data for a finite period of time.

**I.     Background**

Plaintiff filed its Complaint to stop Defendants from copying and distributing to others over the Internet unauthorized copies (files) its motion picture (the "Motion Picture") for which it holds the exclusive licensing and copyrights.  Using so-called "peer-to-peer" ("P2P") file "swapping" networks, Defendants' infringements allow them and untold others unlawfully to obtain and distribute for free the copyrighted Motion Picture that Plaintiff invested substantial sums of money to make.  Plaintiff sued Defendants as "Doe" Defendants because Defendants committed their infringements using on-line pseudonyms ("user names" or "network names"), not their true names.  At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") address and the date and time of alleged infringement.

The only way that Plaintiff can determine Defendants' actual names is from the non-party Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.  Accordingly, Plaintiff seeks leave of Court to serve

limited discovery prior to a Rule 26(f) conference on several of the non-party ISPs solely to determine the true identities of the Doe Defendants, as well as any other infringers that Plaintiff identifies during the course of this litigation, as Plaintiff's infringement monitoring efforts are on-going and continuing.[1] *The data that will allow Plaintiff to identify the Defendants is only maintained by the ISP's for a finite period of time and is thus expiring thereby making it impracticable for Plaintiff to pursue its case against numerous infringers of its Copyrighted material.*

If the Court grants this Motion, Plaintiff will serve subpoenas on the ISPs requesting the identifying information. If the ISPs cannot themselves identify one or more of the Doe Defendants but can identify an intermediary ISP as the entity providing online services and/or network access to such Defendants, Plaintiff will then serve a subpoena on that ISP requesting the identifying information for the relevant Doe Defendants. In either case, these ISPs will be able to notify their subscribers that this information is being sought, and each Defendant will have the opportunity to raise any objections before this Court prior to the return date of the subpoena. Thus, to the extent that any Defendant wishes to object, he or she will be able to do so.

### **CONCLUSION**

For the reasons stated herein, and in the original Motion and supplemental Memoranda, Plaintiff respectfully submits that the Court should grant the Motion for Leave to Take Discovery Prior to Rule 26 Conference and enter an Order substantially in the form of the Proposed Order previously submitted. Plaintiff requests permission to serve a Rule 45 subpoena on the ISPs it

---

[1] Because Plaintiff does not currently know the identity of any of the Defendants, Plaintiff cannot ascertain any of the Defendants' position on this Motion or serve any of the Defendants with this Motion.

2

has identified as of this date, and those it identifies in the future, so that the ISPs can divulge the true name, address, telephone number, e-mail address, and MAC address of each Doe Defendant that Plaintiff has identified to date, and those it identifies in the future during the course of this litigation.  To the extent that any ISP, in turn, identifies a different entity as the ISP providing network access and online services to the Doe Defendants, Plaintiff also seeks leave to serve, on any such later identified ISP, limited discovery sufficient to identify the Doe Defendant prior to the Rule 26 conference.

      Plaintiff will only use this information to prosecute its claims.  Without this information, Plaintiff cannot pursue its lawsuit to protect its Motion Picture from past and ongoing, repeated infringement.

4

**DATED**:  May 19, 2011

        Respectfully submitted,

        West Coast Productions, Inc.

        By Counsel

        By:

        /s/_____
Ellis L. Bennett, Bar #479059
Dunlap Grubb & Weaver, PLLC
199 Liberty Street, SW
Leesburg, VA 20175
ebennett@dglegal.com
703-777-7319 (telephone)
703-777-3656 (fax)


On Behalf of Kenneth J. Ford, *Not Admitted*
Adult Copyright Company
322 W. Washington Street, Suite 8
Charles Town, WV 25414
kford@adultcopyrightcompany.com
304-945-0288 (telephone)
304-945-0288 (select fax option)

*Attorney for the Plaintiff*