UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WEST COAST PRODUCTIONS, INC.,

    Plaintiff,

        v.            Civil Action No. 11-55 (JEB/JMF)

DOES 1-1,434,

    Defendants.

## MEMORANDUM ORDER

This case was referred to me for full case management. Currently pending and ready for resolution is plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference [#3]. For the reasons stated below, the motion will be granted.

## BACKGROUND

Plaintiff, West Coast Productions, Inc., is the owner of the copyright for the motion picture "Juicy White Anal Booty 4". Complaint for Copyright Infringement [#1] ¶16. According to plaintiff, numerous individuals illegally downloaded and distributed its film over the Internet, in violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (2010). Id. ¶¶1, 3. At the time the law suit was filed, plaintiff did not know the identities of these individuals. Id. ¶17. Plaintiff did, however, know the Internet Protocol ("IP") address of the computers associated with the alleged infringers through its reliance on proprietary software developed by Excubitor, an online anti-piracy services provider. Motion for Leave to Take Discovery Prior to Rule 26(f) Conference [#3] at 8-12. Plaintiff now seeks to conduct discovery prior to the Rule 26(f)[1] conference so that it may learn the identity of these individuals and thereafter amend its

---

[1] Fed. R. Civ. P. 26(f).

complaint to reflect the same. See [#1] ¶17; [#3] at 16.  Specifically, plaintiff seeks leave to serve Rule 45 subpoenas on the various Internet Service Providers ("ISP") associated with the previously identified IP addresses,[2] in order to learn the "true name, address, telephone number, e-mail address, and MAC [Media Access Control] address" of each putative defendant. [#3] at 16.  In addition, if the ISP identifies an intermediary ISP as the entity providing online services, plaintiff seeks to serve the subpoena on that ISP. Supplemental Memorandum of Points and Authorities in Support of Motion for Leave to Take Discovery Prior to Rule 26(f) Conference [#5] at 2.

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(c).

Courts in this Circuit have readily granted motions to take leave prior to the Rule 26(f) conference in the context of this type of copyright infringement action for the simple fact that without the information, plaintiff cannot name any defendants and the case cannot proceed any further.  See Cornered, Inc. v. Does 1-2177, No. 10-CV-1476, 2010 WL 4259605, at *1 (D.D.C. Oct. 22, 2010); Worldwide Film Entertainment, LLC v. Does 1-749, No. 10-CV-38, 2010 WL 2011306, at *1 (D.D.C. May 20, 2010); G2 Productions, LLC v. Does 1-83, No. 10-CV-41, 2010 WL 253336, at *1 (D.D.C. Jan. 21, 2010).

---

[2] See [#1-1].

2

## CONCLUSION

There existing good cause to grant plaintiff's motion, the following is, therefore, hereby,

**ORDERED:**

1. Plaintiff may forthwith serve Rule 45 subpoenas on the ISPs identified in [#1-1], seeking the individual's name, current and permanent address, telephone number, e-mail address, and MAC.

2. Plaintiff may similarly forthwith serve Rule 45 subpoenas on any intermediary ISPs identified by the original ISPs in response to plaintiff's subpoena.

3. Plaintiff may not use any of the disclosed information for any purpose other than pursuing the claims alleged in the complaint.

4. When either the original or intermediary ISP is served with plaintiff's subpoena, it shall give written notice (to include e-mail) to the identified subscriber within five (5) business days.

5. If either the ISP (original or intermediary) or the subscriber wishes to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be no earlier than thirty (30) days from the date of service.

6. The ISPs (original or intermediary) will preserve any subpoenaed information pending this Court's resolution of any timely-filed motion to quash.

7. Plaintiff shall provide all ISPs with a copy of this Memorandum Order along with its subpoenas.

8. On or before August 8, plaintiff shall file a status report with the Court briefly outlining its progress, including providing an expected completion date of the discovery outlined herein.

9. Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference [#3] is, hereby, **GRANTED.**

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE