**U.S. DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| West Coast Productions, Inc. | ) |
| 10040 Remmet Ave. | ) |
| Chatsworth, CA 91311 | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case Number 1:11-cv-00055-JEB-JMF |
| | ) |
| DOES 1 – 955 | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

**MOTION FOR LEAVE TO TAKE *ADDITIONAL* DISCOVERY**
**PRIOR TO RULE 26(f) CONFERENCE; MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT THEREOF**

Plaintiff, by counsel, pursuant to the Federal Rules of Civil Procedure, respectfully

moves this Court for leave to take additional discovery through the issuance of subpoenas to any

ISPs for which Plaintiff has or will identify as the service provider to a customer using such ISP

for the purpose of downloading the Plaintiff's copyright protected material prior to the Rule 26(f)

conference for the reasons stated in its accompanying Memorandum of Points and Authorities

filed contemporaneously herewith.  Plaintiff requests a hearing on this matter, if necessary, on an

expedited basis.

**DATED**:  August 8, 2011

                                                      Respectfully submitted,

                                                      West Coast Productions, Inc.

                                                      By Counsel

                                                      By:
                                                      /s/_____

Ellis L. Bennett, Bar #479059
Dunlap Grubb & Weaver, PLLC
199 Liberty Street, SW
Leesburg, VA 20175
ebennett@dglegal.com
703-777-7319 (telephone)
703-777-3656 (fax)


On Behalf of Kenneth J. Ford, *Not Admitted*
Adult Copyright Company
322 W. Washington Street, Suite 8
Charles Town, WV 25414
kford@adultcopyrightcompany.com
304-945-0288 (telephone)
304-945-0288 (select fax option)

*Attorney for the Plaintiff*

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION FOR LEAVE TO TAKE *ADDITIONAL* DISCOVERY
PRIOR TO RULE 26(f) CONFERENCE**

Plaintiff West Coast Productions, by counsel and pursuant to Local Civil Rule 7(b),

hereby submits this Memorandum of Points and Authorities in Support of its Motion for Leave

to Take Additional Discovery Prior to Rule 26(f) Conference.

RELEVANT FACTS

On January 10, 2011, Plaintiff, a film-maker and motion picture copyright holder, filed a

Complaint (Doc. No. 1) to stop Defendants from copying and distributing to others over the

Internet unauthorized copies (files) of its copyrighted motion picture,  Juicy White Anal Booty 4

(the "Movie").  On January 26, 2011, Plaintiff filed a Motion for Leave to Take Discovery Prior

to Rule 26(f) Conference (Doc. No. 3), seeking leave to serve Rule 45 subpoenas to several

internet service providers ("ISPs") to identify the John Doe defendants herein.  In the second

paragraph of the memorandum of points and authorities in support of Plaintiff's Motion, Plaintiff

specifically requested the discovery "to determine the true identities of the Doe Defendants [set

forth on Exhibit A] to the Complaint, as well as any other infringers that Plaintiff identifies

during the course of this litigation, since Plaintiff's infringement monitoring efforts are on-going

and continuing."

On June 28, 2011, the Court issued its Memorandum Order (Doc. No. 12), granting the

Plaintiff leave to serve the requested subpoenas on the relevant ISPs.  Paragraph 1 of the

Conclusion to the Court's June 28, 2011 Memorandum Order provides:  "Plaintiff may forthwith

serve Rule 45 subpoenas on the ISPs identified in [#1-1], seeking the individual's name, current

and permanent address, telephone number, e-mail address, and MAC." *Id.*  Plaintiff has

subsequently filed its First Amended Complaint (Doc. No. 13).

Accordingly, Plaintiff respectfully submits this Motion for Leave to Take Additional

Discovery Prior to Rule 26(f) Conference in order to conduct discovery on all possible Doe

Defendants in this case, including those Plaintiff has been able to identify by IP address in its

First Amended Complaint.


ARGUMENT

As more fully detailed in the complaint and Plaintiff's initial Motion for Leave to Take

Discovery Prior to Rule 26(f), which is incorporated herein by reference, Plaintiff is a film-

maker and motion picture copyright holder who has filed its complaint to stop Defendants from

copying and distributing to others over the Internet unauthorized copies (files) of the motion

pictures for which Plaintiff holds the exclusive copyright.  Using so-called "peer-to-peer"

("P2P") file "swapping" networks, Defendants' infringements allow them and untold others

unlawfully to obtain and distribute for free the copyrighted Motion Picture that Plaintiff invested

substantial sums of money to obtain the copyright, licensing, and distribution rights.

Plaintiff sued Defendants as "Doe" Defendants because Defendants committed their

infringements using on-line pseudonyms ("user names" or "network names"), not their true

names.  However, as explained in Plaintiff's original Motion for Discovery, Plaintiff is able to

identify potential Doe Defendants by a unique Internet Protocol ("IP") address assigned to each

Defendant by his/her Internet Service Provider ("ISP") on the date and at the time of the

Defendant's infringing activity.  At the time it filed its original Complaint, Plaintiff had been

able to identify at least several IP addresses for the Doe Defendants, which Plaintiff included as

Exhibit A to its Complaint.

Plaintiff has continued its infringement monitoring efforts because the infringement of

Plaintiff's Motion Picture is on-going and continuing.  Through this continued monitoring,

Plaintiff has identified additional Doe Defendants that have infringed Plaintiff's Motion Picture.

However, again, for the reasons set forth in Plaintiff's original Motion for Discovery, the only

way that Plaintiff can determine Defendants' actual names is from the ISPs to which Defendants

subscribe and from which Defendants obtain Internet access, as this information is readily

available to the ISPs from documents they keep in the regular course of business but not

otherwise available to Plaintiff.

CONCLUSION

The infringement of Plaintiff's Motion Picture is ongoing and continuous.  However,

Plaintiff cannot determine the true identity of any new Doe Defendant infringers without serving

subpoenas on the appropriate ISPs.  Therefore, Plaintiff seeks leave of Court to serve limited

discovery prior to a Rule 26(f) conference on the non-party ISPs solely to determine the true

identities of the Doe Defendants, as well as any other infringers that Plaintiff identifies during

the course of this litigation, including those identified in Plaintiff's First Amended Complaint.

**DATED**:  August 8, 2011

Respectfully submitted,

West Coast Productions, Inc.

By Counsel

By:
/s/_____

Ellis L. Bennett, Bar #479059
Dunlap Grubb & Weaver, PLLC

6

199 Liberty Street, SW
Leesburg, VA 20175
ebennett@dglegal.com
703-777-7319 (telephone)
703-777-3656 (fax)


On Behalf of Kenneth J. Ford, *Not Admitted*
Adult Copyright Company
322 W. Washington Street, Suite 8
Charles Town, WV 25414
kford@adultcopyrightcompany.com
304-945-0288 (telephone)
304-945-0288 (select fax option)

*Attorney for the Plaintiff*