## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**WEST COAST PRODUCTIONS, INC.,**

      **Plaintiff,**

           **v.**                   **Civil Action No. 11-55 (JEB/JMF)**

**DOES 1-1,434,**

      **Defendants.**

## MEMORANDUM OPINION

      This case was referred to me for full case management.  Currently pending and ready for resolution is plaintiff's <u>Motion for Leave to Take *Additional* Discovery Prior to Rule 26(f) Conference; Memorandum of Points and Authorities in Support Thereof</u> [#14].

      Plaintiff, West Coast Productions, is the owner of the copyright for the motion picture "Juicy White Anal Booty 4". <u>Complaint for Copyright Infringement</u> [#1] ¶5.  According to plaintiff, numerous individuals illegally downloaded and distributed its film over the Internet, in violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*[1] <u>Id.</u> ¶¶1, 3.  At the time the law suit was filed, plaintiff did not know the identities of these individuals. <u>Id.</u> ¶17.  Plaintiff did, however, know the Internet Protocol ("IP") address of the computers associated with the alleged infringers. <u>Id.</u>

      On June 28, 2011, this Court granted plaintiff's first motion for leave to take discovery prior to the Rule 26(f) conference.  <u>See</u> <u>Memorandum Order</u> [#11].  In its current motion, plaintiff seeks to conduct more of the same. [#14] at 1-5.

---

[1] All references to the United States Code or the Code of Federal Regulations are to the electronic versions that appear in Westlaw or Lexis.

Since the Court issued its <u>Memorandum Order</u> in June of 2011, it has had an opportunity to reconsider the issue and has now concluded that such early, wide-ranging discovery is, for the following reasons, not warranted.

Plaintiff seeks what is in essence jurisdictional discovery.  Pursuant to Rule 26 of the Federal Rules of Civil Procedure, although "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," they may do so "when authorized . . . by court order." Fed. R. Civ. P. 26(f).  Such authorization, however, must be based on a showing of "good cause". Fed. R. Civ. P. 26(d)(1).  "[I]n order to get jurisdictional discovery[,] a plaintiff must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant." <u>Caribbean Broad. Sys. Ltd. v. Cable & Wireless PLC</u>, 148 F.3d 1080, 1090 (D.C. Cir. 1998).  Furthermore, it is well within the court's purview under Rule 26 to impose reasonable limitations on discovery when "the burden or expense of the proposed discovery outweighs its likely benefit". Fed. R. Civ. P. 26(b)(2)(c).  <u>See also</u> <u>Linder v. Dep't of Def.</u>, 133 F.3d 17, 24 (D.C. Cir. 1998) ("Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation.") (internal quotation omitted); <u>In re Micron Tech., Inc. Sec. Litig.</u>, 264 F.R.D. 7, 9 (D.D.C. 2010) ("The 'undue burden' test requires district courts to be 'generally sensitive' to the costs imposed on third parties . . .") (internal quotations omitted); <u>N.C. Right to Life, Inc. v. Leake</u>, 231 F.R.D. 49, 51 (D.D.C. 2005) ("While quashing a subpoena goes against courts' general preference for a broad scope of discovery . . . limiting discovery is appropriate when the burden of providing the documents outweighs the need for it.").

2

Plaintiff's cause of action, tortious copyright infringement,[2] is brought under a federal statute, the Copyright Act.  The Copyright Act does not provide for the exercise of personal jurisdiction over alleged infringers on a nationwide or other basis.  Plaintiff must therefore predicate the court's jurisdiction over the infringers on the reach of District of Columbia law.  It first provides for the exercise of personal jurisdiction over a person domiciled in the District of Columbia as to "any claim for relief." D.C. Code § 13-422 (2001).  The so-called "long arm" provision of the personal jurisdiction statute provides, in pertinent part, as follows:

> (a)     A District of Columbia court may exercise personal
>         jurisdiction over a person, who acts directly or by an agent,
>         as to a claim for relief arising from the person's - -
>
>                           * * *
>
> (3)     causing tortious injury in the District of Columbia
>         by an act or omission in the District of Columbia;

D.C. Code § 13-423 (2001).

Thus, unless the infringer is domiciled in the District of Columbia, the question presented is where the infringement occurred and whether it occurred in the District of Columbia.

In Nu Image, Judge Wilkins considered this very question and followed the approach taken by the D.C. Circuit in Helmer v. Dolestskaya, 393 F.3d. 201 (D.C. Cir. 2004). Nu Image, 2011 WL 3240562, at *3.  In Helmer, plaintiff, a U.S. citizen, brought suit against his former girlfriend, a Russian citizen, for fraud and breach of contract. Helmer, 393 F.3d. at 203. Specifically, plaintiff claimed that the defendant failed to reimburse him for real and personal

---

[2] "It is well settled in this jurisdiction [the District of Columbia Circuit] that a claim for copyright infringement sounds in tort." Nu Image, Inc. v. Does 1-23,322, — F. Supp. 2d —, 2011 WL 3240562, at *8, n.3 (D.D.C. 2011) (citing Stabilisierungsfonds Fur Wein v. Kaiser, 647 F.2d 200, 207 (D.C. Cir. 1981)).

property acquired while they were living together in Moscow. Id.  The court of appeals upheld

the lower court's finding that the injury occurred outside of the District of Columbia:

> The district court ruled that although [defendant] fraudulently
> concealed her personal background during her visit to the District
> of Columbia, the fraud did not cause injury here because [plaintiff]
> was not "physically present" in the District of Columbia when
> [defendant] incurred the credit card charges, when [plaintiff] paid
> the credit card charges, when [plaintiff] purchased the apartment,
> or when [defendant] registered the apartment in her own name.

Id. at 208.

As a result, the court of appeals held that, because plaintiff failed to demonstrate that

defendant's fraud caused him injury in the District of Columbia, the court could not exercise

personal jurisdiction over her as to that count. Id. at 209.

In Nu Image, Judge Wilkins ultimately concluded that it was difficult to see how

defendants living outside of the District of Columbia could have caused plaintiff tortious injury

within the District of Columbia when they downloaded plaintiff's film. Nu Image, 2011 WL

3240562, at *4.  To that end, Judge Wilkins therefore held that discovery prior to the Rule 26(f)

conference was warranted if "the Court finds that the Plaintiff has a good faith basis to believe a

putative defendant may be a District of Columbia resident if a geolocation service places his/her

IP address within the District of Columbia, or within a city located within 30 miles of the

District of Columbia." Id.  Thus, Judge Wilkins denied the plaintiff's motion for expedited

discovery as to all defendants and indicated instead that he would only entertain a motion for

expedited discovery on the ISPs to "obtain identifying information only for IP addresses that

Plaintiff has a good faith basis to believe are reasonably likely to correspond to internet accounts

located in the District of Columbia." Id. at *6.

4

In the case at bar, the issue is where the situs of the injury is with respect to the simultaneous uploading and downloading of copyrighted material from the Internet.  According to plaintiff, the illegal infringement took place as follows:

> The initial file-provider intentionally elects to share a file with a torrent network.  This initial file contains Plaintiff's entire copyrighted work and is called a "seed."  Other peers on the network connect to the seek file to download the file wherein the download creates a free digital co[p]y of Plaintiff's copyrighted film.  As yet additional peers request the same file each additional user becomes a part of the network from where the file can be downloaded.  However, unlike a traditional peer-to-peer network, each new file downloader is receiving a different piece of the data from each host user in the swarm who has already downloaded the file that together comprises the whole.  The effect of this technology makes every downloader also an uploader of the illegally transferred file(s).  This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file.

[#1] ¶13.

Irrespective of whether the injury is viewed to be the uploading of the movie, the downloading of the movie, or both, the focus would be on the physical location of the computers bearing the unique IP addresses plaintiff claims were involved in the unauthorized distribution of its film.  For non-resident defendants, that would most likely be outside of the District of Columbia, unless it were shown that they were visiting the District of Columbia at the time of the alleged infringement.

As concluded by Judge Wilkins in <u>Nu Image</u>, this Court cannot see how it could exercise personal jurisdiction over non-District of Columbia residents under the current facts.  The Court, therefore, will order plaintiff to show cause why it should assert jurisdiction over the person of each John Doe defendant unless it has a good faith belief that that person is domiciled in the

District of Columbia which, as Judge Wilkins found, may be premised on "utilizing geolocation services that are generally available to the public to derive the approximate location of the IP addresses identified for each putative defendant." <u>Nu Image</u>, 2011 WL 3240562, at *4.

Finally, the statutory requirements as to venue under the Copyright Act provide additional and equally insurmountable obstacles to this lawsuit remaining in this Court.  Venue is governed exclusively by 28 U.S.C. § 1400, which states the following: "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a).  Thus, plaintiff will also have to convince me that venue would be proper in this Court.

An <u>Order</u> accompanies this <u>Memorandum Opinion</u>.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE