**U.S. DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **West Coast Productions, Inc.** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case Number 1:11-cv-55-JEB-JMF** |
| | ) | |
| **DOES 1 – 1434,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**PLAINTIFF'S STATEMENT OF GOOD CAUSE**
**IN RESPONSE TO THE COURT'S FEBRUARY 3, 2012 ORDER**

Plaintiff, by and through counsel, hereby responds to the Court's Order ("Order")
dated February 3, 2012, requiring that Plaintiff show cause as to the bases upon which
this Court may exercise personal jurisdiction and venue, and in furtherance hereof
respectfully states as follows:

### I.      INTRODUCTION

Plaintiff is a film-maker and motion picture copyright holder who filed its
Complaint to stop various unidentified Defendants ("Does" or "Doe Defendants") from
copying and distributing to others over the Internet unauthorized copies (files) of the
motion pictures for which Plaintiff holds the exclusive copyright.  Using so-called "peer-
to-peer" ("P2P") file "swapping" networks, Doe Defendants' infringements allow them
and untold others unlawfully to obtain and distribute for free the copyrighted Motion
Picture that Plaintiff invested substantial sums of money to obtain the copyright,
licensing, and distribution rights.

Plaintiff sued Defendants as "Doe" Defendants because Defendants committed their infringements using on-line pseudonyms ("user names" or "network names"), not their true names.  However, Plaintiff was able to identify potential Defendants by a unique Internet Protocol ("IP") address assigned to each Doe Defendant by his/her Internet Service Provider ("ISP") on the date and at the time of the Doe Defendant's infringing activity.  At the time it filed its original Complaint, Plaintiff had been able to identify at least several IP addresses for the Doe Defendants, which Plaintiff included as Exhibit A to its Complaint (Dkt. 1).  On June 28, 2011, this Court granted Plaintiff's initial motion for leave to take discovery prior to the Rule 26(f) conference.  See Memorandum Order (Dkt. 11).  Thus, by its Order dated June 28, 2011, the Court granted the Plaintiff leave to serve the requested subpoenas on the relevant ISPs.  Paragraph 1 of the Conclusion to the Court's June 28, 2011 Memorandum Order provides:  "Plaintiff may forthwith serve Rule 45 subpoenas on the ISPs identified in [#1-1], seeking the individual's name, current and permanent address, telephone number, e-mail address, and MAC."  Id.  This Court further recognized:

> Courts in this Circuit have readily granted motions to take leave prior to the Rule 26(f) conference in the context of this type of copyright infringement action **for the simple fact that without the information, plaintiff cannot name any defendants and the case cannot proceed any further**.

Id. (emphasis added) (citing Cornered, Inc. v. Does 102177, No. 10-CV-1476, 2010 WL 4259605, at *1 (D.D.C. Oct. 22, 2010); Worldwide Film Entertainment, LLC v. Does 1-749, No. 10-CV-38, 2010 WL 2011306, at *1 (D.D.C. May 20, 2010); G2 Productions, LLC v. Does 1-83, No. 10-CV-41, 2010 WL 253336, at *1 (D.D.C. Jan. 21, 2010).

Plaintiff continued its infringement monitoring efforts because the infringement of Plaintiff's Motion Picture was on-going and continuing. Through this continued monitoring, Plaintiff identified additional Doe Defendants that had infringed Plaintiff's Motion Picture. Accordingly, Plaintiff subsequently filed its First Amended Complaint (Dkt. 13). Contemporaneous therewith, Plaintiff filed a Motion for Leave to Take Discovery (Dkt. 14) with respect to those Doe Defendants referenced in the First Amended Complaint. On February 3, 2012 the Court denied Plaintiff's Motion for Leave to Take Additional Discovery. (Dkt. 19 Memorandum Opinion and Dkt. 20 Order). By its February 3, 2012 Order, the Court also directed that Plaintiff:

> [S]how cause in writing by February 17, 2012, why this Court can assert jurisdiction over any defendant (a) who is not domiciled in the District of Columbia, or (b) as to whom plaintiff lacks a good faith basis to assert that he or she committed the act that is the premise of the plaintiff's claim for relief in the District of Columbia, and why venue is proper unless the defendant resides in the District of Columbia.

Order (Dkt. 20).

## II.   DISCUSSION

### A.  BACKGROUND

To date, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") address and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual identities is from the various non-party ISPs to which Doe Defendants subscribe and from which Doe Defendants obtain internet access. However, Plaintiff cannot obtain this discovery without first filing a lawsuit against the anonymous Doe Defendants.

Currently, Plaintiff has limited information about all putative Doe Defendants, and accordingly has moved this Court for discovery prior to the Rule 26(f) conference in

3

order to learn more about each of the putative defendants.  Once Plaintiff amasses enough

evidence to allow it to name the Does as defendants, and if and when challenges to

jurisdiction and venue are raised by actual named defendants at the appropriate time

pursuant Rule 12 of the Federal Rules of Civil Procedure, Plaintiff would properly have a

burden to present a *prima facie* case supporting personal jurisdiction and venue.

The Court's February 3, 2012 Order denying discovery is tantamount to a sua

sponte dismissal for lack of personal jurisdiction and venue because, as a direct

consequence thereof, the Plaintiff's claims will forever be foreclosed since Plaintiff has

no other reasonable means to identify the Doe Defendants, especially in light of the short

time ISPs retain data relevant to the infringements.  <u>See</u> June 28, 2011 Order, Dkt. 11

(this Court recognizing "without the information, plaintiff cannot name any defendants

and the case cannot proceed any further"); <u>see</u> <u>also</u> <u>Digital Sin, Inc. v. Doe</u>, 2012 U.S.

Dist. LEXIS 10803 (S.D.N.Y. Jan. 30, 2012)  ("Indeed, in all of the opinions and rulings

in similar cases around the country, the Court has found no indication that the plaintiffs

have any reasonable alternative to these subpoenas to obtain the identities of the alleged

infringers.  Thus, without granting Plaintiff's request, the defendants cannot be identified

or served and the litigation cannot proceed.   Additionally, expedited discovery is

necessary to prevent the requested data from being lost forever as part of routine

deletions by the ISPs."); <u>Call of the Wild Movie, LLC v. Does 1-1,062</u>, 770 F.Supp.2d

332, 352-53 (D.D.C. 2011) (recognizing Plaintiff's critical need for identifying

information from the ISPs and that Plaintiff has no other means of obtaining such

information).

B. FEDERAL RULES DO NOT CONTEMPLATE APPLICATION OF
PERSONAL JURISDICTION AND VENUE ANALYSES PRIOR
TO THE TIME DEFENDANTS ARE NAMED AND CHALLENGE
JURISDICTION AND/OR VENUE.

A plaintiff is not required to plead the basis for personal jurisdiction over any

defendant in the complaint.  Hansen v. Neumueller GmbH, 163 F.R.D. 471, 474 (D. Del.

1995).  Lack of personal jurisdiction and venue represent defenses that, similar to

affirmative defenses, can be waived if not properly raised.  See Fed. R. Civ. P. 12(h)(1).

Only after a defendant raises the defense of lack of personal jurisdiction, "the general rule

is that a plaintiff must make a *prima facie* showing of the pertinent jurisdictional facts."

First Chicago Int'l v. United Exch. Co., 836 F.2d 1375, 1378 (D.C. Cir. 1988).

Here, a responsive pleading is not yet required of any Doe Defendant because no

deadline to appear and defend has even started.  In short, no Doe Defendant has been

haled into this Court to defend against Plaintiff's claims.  Once named and served, and

only then, Rules 12(b)(2) and (3) of the Federal Rules of Civil Procedure would permit

any named defendant to move to dismiss for lack of personal jurisdiction and/or venue.

The plain language of the Federal Rules of Civil Procedure contemplates that a

defendant can only respond to a complaint when that defendant has been named as a

party and after a summons has been issued and served on a defendant (or service is

waived by the defendant).  For example, Rule 4 states that a summons must "*name* the

court and the parties" and "be directed to the defendant."  Fed. R. Civ. P. Rule 4(a)(1)(A)

and (B) (emphasis added).

Only then can the provisions of the Federal Rules of Civil Procedure, such as

when a defendant must file a responsive pleading or motion, take effect.  Therein, one of

the things the summons must do is advise the defendant of the obligation to "appear and

defend" and state the time the defendant has for doing so, whether after being served with the summons or by waiving service.  See Fed. R. Civ. P. Rule 4(a)(1)(D).  The timeframe in which a defendant has to "appear and defend" therefore does not start until, at the earliest, a summons specifically names the defendant and is directed to that defendant.[1]

In a similar case in the U.S. District Court for the District of Columbia, Judge Kollar-Kotelly stated:

> Plaintiff has yet to formally identify any of the John Doe Defendants named in the Complaint or serve them with process. Although the movants generally assume that they will be named as defendants once their contact information is turned over to Plaintiff by their ISP, the Court cannot automatically draw that conclusion. If, as many movants have asserted, their internet accounts were used by third parties to unlawfully infringe Plaintiff's copyrighted film, then it is those third parties, rather than the movants themselves, who should properly be named as defendants. Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether any of the movants will be compelled to defend this action as parties.

West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. 9, 14 (D.D.C. 2011).

Therefore, an analysis of personal jurisdiction and venue at this stage of the case would improperly presuppose that all of the Doe Defendants will be named and served and that all Doe Defendants will contest personal jurisdiction and venue.

---

[1] While the Federal Rules of Civil Procedure do not explicitly define "party," the plain language of multiple provisions suggests that a person is only a party to a case when that person is identified and specified by name in the case.  For example, Fed. R. Civ. P. Rule 17 states that an "action must be prosecuted in the name of the real party in interest," and Fed. R. Civ. P. Rule 5 contemplates service of papers on "every party" wherein the general provisions for service contemplate that the party's identity must be known (See Fed. R. Civ. P. Rule 5(b)(2)).

## C.  PRIOR RULINGS HAVE HELD THAT CONSIDERATION OF
## PERSONAL JURISDICTION AND VENUE IS PREMATURE.

Numerous courts across several jurisdictions, including this one, have considered

the proper time at which a Court should analyze personal jurisdiction and venue.  In this

District, many Doe defendants and several amici, including the American Civil Liberties

Union, the Electronic Frontier Foundation and Public Citizen, have recently argued in

favor of the proposition that application of jurisdictional and venue analyses are

appropriate at the time a Plaintiff requests expedited discovery in advance of a Rule 26(f)

conference.  This Court, and courts across numerous jurisdictions, have routinely rejected

such arguments as "premature."[2]  This is true even in cases where Doe defendants have

asserted that they lived outside of a court's jurisdiction and had minimal or no contacts

with that jurisdiction.  See, e.g., Call of the Wild Movie, LLC v. Does 1-1,062, 770

F.Supp.2d 332 (D.D.C. 2011); West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D.

9 (D.D.C. 2011); Elektra Entm't Group, Inc. v. Does 1-9, 2004 U.S. Dist. LEXIS 23560,

Civ. No. 04-2289(RWS), 2004 WL 2095581, at *5 (S.D.N.Y. Sept. 8, 2004); Motown

Record Co., L.P. v. Does 1-252, Civ. No. 04-439(WBH), at 3 (N.D. Ga. Aug. 16, 2004);

Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d 556, 567-68 (S.D.N.Y. 2004):

UMG Recordings v. Does 1-199, Civ. No. 04-0093(CKK), at 2 (D.D.C. Mar. 10, 2004).

---

[2] Nu Image, Inc. v. Does 1-23,322, 799 F.Supp.2d 34 (D.D.C. July 29, 2011) is the
notable exception, however Nu Image interestingly fails to even acknowledge the prior
precedent of this District bearing on the issue of identification discovery as sought by
Plaintiff here, including those rendered by Judges Howell and Kollar-Kotelly in the two
months immediately preceding the issuance of the Nu Image ruling.  Rather, the outlier
decision in this District rendered in Nu Image, Inc. v. Does 1-23,322, 799 F.Supp.2d 34
(D.D.C. July 29, 2011) applies an analysis that should be applied only at least two steps
forward in litigation at a point in which actual defendants have been named and have also
challenged personal jurisdiction and/or venue through a Rule 12 motion.

These rulings, that such considerations are "premature," are premised upon the notable fact that a court has no authority to render a ruling on the matters of personal jurisdiction or venue prior to the time a particular defendant has actually been named. See Sony Music Entm't Inc., 326 F. Supp. 2d at 567-68 (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants").  Importantly, the D.C. Circuit has emphasized this point – "before the complaint has been served and a response received, the court is not positioned to determine conclusively whether personal jurisdiction exists."  Anger v. Revco Drug Co., 791 F.2d 956, 958 (D.C. Cir. 1986) (per curiam); see also Virgin Records Am., Inc. v. John Does 1-35, 2006 U.S. Dist. LEXIS 20651 Civ. No. 05-1918 (CKK) (D.D.C., Jan. 11, 2006) ("Given this general rule – *which applies even when a plaintiff knows a defendant's identity* – it would be illogical to deny Plaintiffs the opportunity to obtain the most basic identifying information that they seek in their subpoena to third-party [ISP] Verizon, Defendant Doe # 18's ISP.") (emphasis added).[3]

Judge Howell considered these issues in Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d 332, 351 (D.D.C. 2011)[4], an opinion relating to three cases with a total of 5583 Doe defendants.  In that case, ISP Time Warner Cable sought to quash the

---

[3]  In Anger v. Revco, 791 F.2d 956 (D.C. Cir. 1986) (per curiam), the court stated that a district court may not *sua sponte* dismiss a complaint for lack of personal jurisdiction or venue.  Id. at 958, fn. 3.

[4] Judge Howell issued one Memorandum Opinion for three separate cases: Call of the Wild Movie, LLC v. Does 1-1,062, Case No. 10-455; Maverick Entertainment Group, Inc. v. Does 1-4,350, Case No. 10-569; Donkeyball Movie, LLC v. Does 1-171, Case No. 10-1520.

subpoenas seeking information about the Doe defendants' identities.  Three putative

defendants whose identities were disclosed, and amici Electronic Frontier Foundation,

Public Citizen, American Civil Liberties Union Foundation, and American Civil Liberties

Union of the Nation's Capital, supported Time Warner Cable's motion to quash,

challenging, among other things, personal jurisdiction over doe defendants that likely

resided outside of the District.  Judge Howell's well-reasoned analysis is directly

applicable here.  Judge Howell concluded:

> **To be clear, at this stage in the proceedings, the plaintiff is engaged in discovery to identify the proper defendants to be named in this lawsuit,** including whether the exercise of jurisdiction over each potential defendant is proper. **If and when the putative defendants are ultimately named in this lawsuit, the defendants will have the opportunity to file appropriate motions challenging the Court's jurisdiction**, and the Court will be able to evaluate personal jurisdiction defenses and consider dismissal. Until that time, however, dismissal under Rule 12(b)(2) is inappropriate.

Call of the Wild Movie, LLC v. Smith, 274 F.R.D. 334, 345 (2011) (emphasis added);

see also Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d 332, 345-347

(2011) ("Given that the defendants have yet to be identified, the Court believes that

evaluating the defendants' jurisdictional defenses at this procedural juncture is

premature.").

Judge Kollar-Kotelly also recently came to the same conclusion in denying

multiple Doe Defendants' motions to quash subpoenas or dismiss them from a similar

case in West Coast Productions, Inc. v. John Does 1-5829, Case No. 11-57, Doc. No. 125

at pp. 9-11 (D.D.C. June 10, 2011).  Judge Kollar-Kotelly concluded:

> **Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether any of the movants will be compelled to defend this action as parties**. Therefore, it is premature to evaluate their jurisdictional defenses. Furthermore, even assuming that the movants

will ultimately be named as defendants, they will have the opportunity to assert their jurisdictional defenses once they are served with process, either in their answers or in pre-answer motions to dismiss. **Until that time, the Court finds their arguments to be premature.**

West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. at 14-15 (emphasis added).

The analyses of Judges Howell and Kollar-Kotelly stand in stark contrast to that of Judge Wilkins in Nu Image, Inc. v. Does 1-23,322, 799 F.Supp.2d 34 (D.D.C. July 29, 2011) . The new Nu Image analysis applied by Judge Wilkins is inapposite to the issues currently before the Court as that analysis is properly conducted only after personal jurisdiction and venue become ripe for consideration. Nu Image wholly ignores the prior rulings in this District that have considered the same issues and applies an analysis of personal jurisdiction and venue as if defendants have (i) been named and (ii) have raised these issues under Rule 12(b). Of course these issues have not been raised by any defendant as no defendant has yet to be named or served.[5] Thus, it is wholly premature to apply either of the two alternative "situs of injury" tests as applied in Nu Image. West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. at 14 ("before the complaint has been served and a response received, the court is not positioned to determine conclusively whether personal jurisdiction exists") quoting Anger v. Revco Drug Co., 791 F.2d 956, 958 (D.C. Cir. 1986) (per curiam)).

Such analysis may well be appropriate after the fictitious Doe Defendants have actually been named as defendants. Such analysis before any defendant is actually named is merely an exercise in the hypothetical as no Doe has actually been haled into

---

[5] This Court recognized that no defendants have yet been named in its June 28 Order, Dkt. 11, stating "without the information, plaintiff cannot name any defendants and the case cannot proceed any further."

this Court, and no information is currently known about any of the fictitious Doe

Defendants other than their IP addresses.[6]  Certainly, there are many possible scenarios

under which the exercise of jurisdiction would be appropriate for certain of the Doe

Defendants.

     The personal jurisdiction and venue analysis applied in Nu Image highlights how

it is easy to misapply the relevant standards for the different stages of a case.  The

standard articulated in Nu Image is completely inapplicable at this stage of the case.

Again, no fictitious Doe Defendant has been named or served, and none are being haled

into this Court.  There is no requirement that Plaintiff plead the basis for personal

jurisdiction over any defendant in the Complaint, and there is certainly no requirement

that the Plaintiff establish personal jurisdiction over any Doe Defendant at this stage.  *If*

personal jurisdiction is challenged, a "colorable" or "not frivolous" standard for

obtaining jurisdictional discovery applies, which requires some showing that discovery is

needed or likely to be useful.  However, that showing is significantly lower than the

*prima facie* showing of jurisdiction, which requires the plaintiff "to demonstrate the

existence of every fact required to satisfy both the forum's long-arm statute and the Due

Process Clause of the Constitution."  See  Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116

F.3d 962, 964 (1st Cir. 1997).  Nu Image wholly fails to recognize that Plaintiff bears

gradually escalating burdens at different stages of litigation.  Judge Kollar-Kotelly

explained as follows in West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. at 14:

---

[6] As explained in laborious detail in the well-reasoned opinions made after significant
briefing by those plaintiffs (and amici in Call of the Wild), Judges Howell and Kollar-
Kotelly both determined that it is premature to consider the issues of personal jurisdiction
and venue at this stage of the proceedings.

Once a defendant raises the defense of lack of personal jurisdiction, "the general rule is that a plaintiff must make a prima facie showing of the pertinent jurisdictional facts." *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C.Cir.1988). To meet this burden, the plaintiff will normally be afforded the opportunity to engage in discovery relating to jurisdictional facts. *See GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C.Cir.2000) ("[I]f a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified."). "Therefore, before the complaint has been served and a response received, the court is not positioned to determine conclusively whether personal jurisdiction exists." *Anger v. Revco Drug Co.*, 791 F.2d 956, 958 (D.C.Cir.1986) (per curiam).

Here, the Court's refusal to allow the Plaintiff to proceed with the requested discovery is tantamount to a sua sponte dismissal pursuant to Rule 12 inasmuch as Plaintiff has no other way to identify the putative Doe Defendants. See Digital Sin, Inc. v. Doe, 2012 U.S. Dist. LEXIS 10803 (S.D.N.Y. Jan. 30, 2012)("without granting Plaintiff's request [for expedited discovery], the defendants cannot be identified or served and the litigation cannot proceed. Additionally, expedited discovery is necessary to prevent the requested data from being lost forever as part of routine deletions by the ISPs.").

## D. PLAINTIFF SEEKS IDENTIFICATION DISCOVERY.

It is well-accepted that a qualified right to jurisdictional discovery exists, see, e.g., Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). However, Plaintiff here does not seek "jurisdictional discovery" in the traditional sense as it is not yet facing a jurisdictional challenge by any named defendant.[7] Rather, Plaintiff seeks only narrow and precisely focused *identification*

---

[7] The entire premise of Judge Wilkins' ruling was that "Plaintiff argues that its motion is akin to a request for jurisdictional discovery." Nu Image, Inc. v. Does 1-23,322, 799

discovery.  That is, Plaintiff seeks discovery to identify the proper defendants to be named in this action.

The posture of this case is at least a step removed from the point at which jurisdictional discovery is typically requested.  This is an atypical scenario because Plaintiff does not know the true identities of defendants who may later be named parties to this case.  Therefore, Plaintiff has requested a precise and narrowly tailored form of discovery preliminary to a jurisdictional challenge – "identification discovery" – the purpose of which is merely to identify proper defendants to this action.  This Court has repeatedly recognized the existence of a right to identification discovery in similar circumstances.  See, e.g., Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d 332, 351 (D.D.C. 2011); West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. 9 (D.D.C. 2011); Virgin Records Am., Inc. v. John Does 1-35, 2006 U.S. Dist. LEXIS 20651 Civ. No. 05-1918 (CKK) (D.D.C., Jan. 11, 2006); UMG Recordings v. Does 1-199, Civ. No. 04-0093(CKK), at 2 (D.D.C. Mar. 10, 2004).

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, . . . ."  Discovery is not limited to the merits of a case, as it is available to ascertain the facts bearing on issues such as jurisdiction or venue.  See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

---

F.Supp.2d at 36.  That was not true in that case and is not true in this case.  As shown herein, Plaintiff is seeking identification discovery, not jurisdictional discovery.

In the District of Columbia, a plaintiff need not make out a *prima facie* case of jurisdiction before obtaining discovery. Diamond Chem. Co. v. Atofina Chems., Inc., 268 F.Supp.2d 1, 15 (D.D.C. 2003) (Kollar-Kotelly, J.), (citing In re Vitamins Antitrust Litig., 94 F.Supp.2d 26, 35 (D.D.C. 2000); GTE New Media Servs., Inc. v. BellSouth Corp., 339 U.S. App. D.C. 332, 199 F.3d 1343, 1352 (D.C. Cir. 2000) (where court permitted jurisdictional discovery although it could not "tell whether jurisdictional discovery will help to sort out" the jurisdictional issues in the case)). Here, the effect of the Court's February 3 Order runs directly counter to the foregoing precedent of this District, and also directly contradicts rulings in similar cases by Judges Howell and Kollar-Kotelly in cases nearly identical to this one rendered within the past year. See Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d 332, 351 (D.D.C. 2011); West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. 9 (D.D.C. 2011).

Courts consider the following factors when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe Defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); see also Rocker Mgmt. LLC v. John Does, No. 03-MC-33 2003 WL 22149380, *1-2, (N.D. Cal. 2003) (applying Seescandy.com standard to identify persons who posted libelous statements on Yahoo! message board; denying request for expedited discovery where the postings in question were not libelous). Plaintiff here is able to demonstrate each one of these factors.

14

Here, Plaintiff has shown that it can identify the Doe Defendants with sufficient specificity such that the Court can determine that the Doe Defendants are real persons or entities who could be sued in federal court, and Plaintiff has documented the previous steps taken to identify the Doe Defendants.  As more fully set out in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference (see Dkt. 3 and 3-1), Plaintiff identified the unique IP address for each Doe Defendant, along with the date and time of alleged infringement and ISP that provided Internet access to each Defendant and assigned the unique IP address to the Doe Defendant, from information provided to it by Excubitor USA, Inc ("Excubitor").  This information was obtained by Excubitor's proprietary tracing software program to trace the IP address for each Doe Defendant, as detailed in the declaration of Matthias Schroeder Padewet (Dkt. 3-2).

Additionally, Plaintiff has made a *prima facie* case of copyright infringement in this case.  For the Plaintiff to establish a *prima facie* claim of copyright infringement, it must demonstrate: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.  Feist Pub'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).

Plaintiff alleges that it is the "holder of the pertinent exclusive rights infringed by Defendants" and cite to the copyright certificate issued by the Registrar of Copyrights. (Dkt 1 (Complaint) at ¶ ¶16, 37) Plaintiff further asserts that the Doe Defendants violated the Plaintiff's exclusive rights of reproduction and distribution when they, "without the permission or consent of Plaintiff, has used, or continues to use, an online media distribution system to reproduce and distribute to the public the Copyrighted Motion Picture."  Id. at ¶ 39.  Plaintiff supports these allegations by supplying the date and time

that the alleged infringement occurred, along with the declaration from Matthias

Schroeder Padewet describing the process by which the Doe Defendants' infringement

was observed, recorded, and verified.  (See Dkt. 3-2).

Accordingly, Plaintiff has appropriately pled a *prima facie* claim of copyright

infringement against the Doe Defendants wherein Plaintiff's suit can withstand a motion

to dismiss.  Sony Music Entm't, Inc. v. Does 1-40, 326 F. Supp. 2d at 565 (stating that

plaintiffs made concrete showing of a prima facie claim of copyright infringement by

alleging valid ownership of copyrights and "that each defendant, without plaintiffs'

consent, 'used, and continues to use an online media distribution system to download,

distribute to the public, and/or make available for distribution to others' certain of the

copyrighted recordings"); see also Call of the Wild Movie, LLC v. Does 1-1,062, 770

F.Supp.2d at 351-352 (same).[8]

Lastly, Plaintiff's discovery requests are narrowly tailored to obtain the

information Plaintiff needs to prosecute this lawsuit.  Plaintiff is only seeking limited

information sufficient to identify the Doe Defendant, i.e. the Doe Defendants' name,

current and permanent address, telephone number, e-mail address, and Media Access

---

[8]  In Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 579 (N.D. Cal. 1999) that court
stated that a plaintiff need only show that its allegations amount to a legal cause of action,
i.e. that a complaint can withstand a motion to dismiss for failure to state a claim upon
which relief can be granted (Fed. R. Civ. P. Rule 12(b)(6)) and not necessarily that
Plaintiff will eventually be able to overcome all types of motions to dismiss.  185 F.R.D.
at 579-580.  In Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d 556 (S.D.N.Y.
2004), that court summarized this requirement as a plaintiff having to make "a concrete
showing of a prima facie claim of actionable harm."  Id. at 564-565 (citing Columbia Ins.
Co. v. seescandy.com, 185 F.R.D. at 579-581).  Further, in addressing Columbia Ins. Co.
v. seescandy.com, this Court has stated that "[t]he court did not indicate that Plaintiff had
to make an 'evidentiary showing' as Defendant represents in the present matter."  Arista
Records LLC v. Does 1–19, 551 F.Supp.2d 1, 6 fn. 5 (D.D.C.) (Kollar-Kotelly, J.).

Control address, and Plaintiffs will only use that information in this lawsuit.  Further,

Plaintiff has no other means to obtain the Doe Defendants' identifying information other

than compelling the information from ISPs.  Without this information from the ISPs,

Plaintiff cannot name and serve those whom they allege to have infringed upon the

copyright.  The Doe Defendants' identifying information is therefore critical to the

Plaintiff's case.

Although Nu Image does not cite or acknowledge the prior precedent on these

issues in this District, Nu Image does in a single paragraph address and summarily

dispose of the plaintiff's arguments as to jurisdiction and venue without any substantive

analysis as follows:

> Plaintiff argues that because lack of venue and personal jurisdiction are waivable defenses, the Court should not consider those issues in deciding whether to allow the requested discovery.  Plaintiff's argument ignores the well-settled rule that all discovery requires a showing of *good cause*; indeed our Circuit requires such a showing for jurisdictional discovery . . . .

Nu Image at 41-42 (emphasis added).  Plaintiff does not deny that there exists an initial

requisite showing requirement of *good cause*, however Plaintiff respectfully submits that

it has shown good cause to obtain the requested discovery.   Nu Image, unlike Call of the

Wild and West Coast, does not speak to the parameters of what constitutes *good cause* at

this stage of the litigation.  Call of the Wild and West Coast make clear after careful

analysis that good cause for the discovery sought at this stage of litigation is a standard

considerably lower than a *prima facie* showing of personal jurisdiction as Nu Image

would seemingly require.  The prior precedent in this District, as recognized previously

by this Court in this very case, is that good cause for discovery at this stage of a case is

established "in the context of this type of copyright infringement action [by a showing of]

the simple fact that without the information, plaintiff cannot name any defendants and the case cannot proceed any further." June 28, 2011 Order (Dkt. 11) citing <u>Cornered, Inc. v. Does</u> 102177, No. 10-CV-1476, 2010 WL 4259605, at *1 (D.D.C.Oct. 22, 2010); Worldwide Film Entertainment, LLC v. Does 1-749, No. 10-CV-38, 2010 WL2011306, at *1 (D.D.C. May 20, 2010); G2 Productions, LLC v. Does 1-83, No. 10-CV-41, 2010 WL 253336, at *1 (D.D.C. Jan. 21, 2010); <u>see</u> <u>also</u> <u>Call of the Wild</u> at 345  (recognizing that courts have allowed for a discovery period within which to gather evidence to support jurisdiction even when the record before the court is "plainly inadequate"). <u>Call of the Wild</u> specifically held:  "In such cases [where contacts with the jurisdiction are unclear] a party is entitled to pursue 'precisely focused discovery aimed at addressing matters relating to personal jurisdiction.'" <u>Id.</u> at 346 (quoting <u>GTE New Media Services, Inc.,</u> 199 F.3d at 1351-52).  This is a case in which Does' contacts with the jurisdiction are unclear, Plaintiff has demonstrated this, as recognized by this Court in its June 28 Order (Dkt. 11).  Accordingly, Plaintiff has met the low burden of good cause applicable at this stage of the case for the discovery that it seeks in order to identify the proper party defendants to this action.


   E.  GEOLOCATION TOOLS ARE INACCURATE AND DO NOT
       ESTABLISH JURISDICTION.

       The Order also raises the matter of utilization of geolocation tools as a means by which to determine which Doe Defendants may be domiciled within the District of Columbia without receiving identifying information from the ISPs.  The idea that geolocation tools would be sufficient to identify all Doe Defendants over which this Court may ultimately exercise jurisdiction and venue presupposes that physical location

of each Doe is a necessary and essential predicate for the exercise of jurisdiction over each Doe.  However, that is not the case, and as explained above, it is premature to delve into the issues of personal jurisdiction and venue until named defendants choose to raise those issues on their own accord.  Notwithstanding the issue of prematurity, the notion that Plaintiff lacks a sufficient good faith basis for personal jurisdiction or venue in this Court absent reliance on the results found by use of a geolocation tool is simply not true, and has been rejected.

The exact same argument and technique has been specifically rejected in numerous cases.  In <u>Sony v. Does 1-40</u> the plaintiffs opposed this technique and stated that "the geographical designations fall 'far short' of 100 percent accuracy and are 'often extremely inaccurate.'"  <u>Sony v. Does 1-40,</u> 326 F. Supp. 2d at 567.  The court went on to state that "[a]ssuming personal jurisdiction were proper to consider at this juncture, the techniques suggested by amici, at best, suggest the mere 'likelihood' that a number of defendants are located outside of New York.  This, however, does not resolve whether personal jurisdiction would be proper."  <u>Id.</u> at 567-568.

Judge Howell rejected the same argument: "[g]iven that these lookup tools are not completely accurate, this does not resolve the question of whether personal jurisdiction would be proper.  Ultimately, the Court would still be unable to properly evaluate jurisdictional arguments until the putative defendants are properly identified and named." <u>Call of the Wild Movie, LLC v. Does 1-1,062</u>, 770 F.Supp.2d at 347.

Therein, Judge Howell rejected the exact same argument that those similar plaintiffs did not have a "good faith" basis to assert personal jurisdiction over the putative defendants.  In addition to rejecting the geolocation argument, Judge Howell also found

that identification of a Doe Defendant's location via geolocation tools does not conclusively establish a lack of personal jurisdiction.  See id. (stating that "the nature of the BitTorrent technology enables every user of the file-sharing protocol to access copyrighted material from other peers, who may be located in multiple jurisdictions 'around the country,' including this one").  Overall, Judge Howell rejected the exact same argument that those similar plaintiffs did not have a "good faith" basis to assert personal jurisdiction over the putative defendants.

Therefore, the notion that Plaintiff knows or could know the exact location of every Doe Defendant is simply not true.  Further, even if geolocation techniques were accurate enough to determine the location of an IP address, that would not end the personal jurisdiction or venue analyses even if it were not premature to consider those issues at this point in the case.  Overall, it is premature for the Court to make any decision related to personal jurisdiction or venue until after Plaintiff obtains the information from the ISPs and names a particular Doe Defendant.

While Plaintiff recognizes that some courts in other jurisdictions have expressed concerns regarding personal jurisdiction and venue, the analyses of those rulings are flawed, unpersuasive, and clearly in the minority.  See Patrick Collins, Inc. v. Does 1-2,590, 2011 U.S. Dist. LEXIS 140913, *3-6, No. C-11-2766 (N.D. Cal. December 7, 2011) and Nu Image, Inc. v. Does 1-23,322, 799 F.Supp.2d 34 (D.D.C. July 29, 2011).

 In Patrick Collins, Inc. v. Does 1-2,590, the District Court for the Northern District of California did not provide any information on what geolocation tools it used or any substantiation of their reliability.  Therein, that court never addressed the concerns raised in Sony v. Does 1-40 (326 F. Supp. 2d at 567-568) or Call of the Wild Movie, LLC

v. Does 1-1,062 (770 F.Supp.2d at 347) about the inaccuracies of these techniques, as
admitted by the proponents of such techniques.[9]

Also, those rulings have incomplete or flawed analysis reaching the conclusion
that the location of a doe defendant outside of the jurisdiction, as determined by
geolocation techniques, establishes a lack of good faith on the part of the plaintiffs for
personal jurisdiction.[10]  Judge Howell specifically addressed this issue:

> Amici raise the prospect that the consequence of this theory is that
> any Internet user may be haled into court in any jurisdiction in the country
> for any online activity. Transcript of Mot. Hearing at 34–35, *Call of the*

---

[9]  For example, the Nu Image, Inc. v. Does 1-23,322 ruling recognizes that the
geolocation tools are not 100% accurate and thereby sets an arbitrary 30-mile radius.  799
F.Supp.2d. at 41.

[10]  For example, the Nu Image, Inc. v. Does 1-23,322 ruling made certain assumptions
and ignored certain allegations that led to its conclusion that the court can not have
jurisdiction of a defendant who resides outside of the jurisdiction.  As one example, that
ruling assumed that "a defendant must first download the file (or at least initiate the
download) before he can upload or become a source of download for that infringing file."
799 F.Supp.2d. at 41.  While that may be true for a majority of the Doe Defendants, it
ignores the allegations related to the initial, or "seed," file that may have been placed in
the torrent platform via other methods (such as a Doe Defendant converting a DVD of
Plaintiff's film to an electronic version).  The ruling also ignores the distinction between
the two exclusive rights in copyright that are being infringed when it concludes that the
"'triggering event' must be a defendant's download of the copyrighted material because
the download is the 'original event' that caused the injury" and that the "situs of injury
under this analysis will be where the download took place—the location of the putative
defendant and his or her computer."  799 F.Supp.2d. at 41.  Plaintiff has alleged illegal
reproduction and distribution of their copyrighted work.  [See Doc. No. 1 (Complaint), ¶
12]  The ruling ignores the allegation that a separate and distinct copyright infringement,
and thus distinct injury to Plaintiff, originates when a Doe Defendant uploads/distributes
to another Doe Defendant, regardless of what download/reproduction occurred by that
Doe Defendant.  In that scenario under the ruling's analysis, the "original event" may be
an upload/distribution targeted at a Doe Defendant in this district, making the "situs of
injury" in this district, i.e. where the distribution was completed and where Plaintiff's
claim for infringement then accrued.  Further, the ruling does not take into account
situations in which the Doe Defendants could have infringed Plaintiff's movie via their IP
addresses even though they were not physically present in their residence, such as
accessing their home network remotely.

*Wild Movie LLC v. Does 1–1,063*, No. 10–cv–455 (Mar. 1, 2011) ("If merely placing information online were enough to establish personal jurisdiction in the District or anyplace their information could be obtained and downloaded and accessed, the limits on personal jurisdiction would be abolished."). While that broad prospect would indeed be troubling, that is not the situation here. *See generally GTE New Media Servs.*, 199 F.3d at 1350 ("[T]he advent of advanced technology, say, as with the Internet, should [not] vitiate long-held and inviolate principles of federal court jurisdiction."). The allegations in the Complaints in *Wild*, *Maverick* and *Donkeyball* do not involve general Internet access, but specific use of a file-sharing protocol that may touch multiple jurisdictions to effectuate a download of a single copyrighted work. Moreover, so far, no putative defendant has been named or "haled" before this Court. The plaintiffs in each case will be able to proceed only against those named defendants over whom this Court has personal jurisdiction.

Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d at 347.

Additionally, those rulings fail to adequately address the legal burdens placed on the relative parties during the different stages of a case. As stated by Judge Kollar-Kotelly:

> Lack of personal jurisdiction is a threshold defense that is waived unless a defendant raises it in an answer or pre-answer motion. Fed.R.Civ.P. 12(b), (h)(1). Accordingly, the plaintiff is not required to plead the basis for personal jurisdiction over any defendant in the complaint. *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D.Del.1995). Once a defendant raises the defense of lack of personal jurisdiction, "the general rule is that a plaintiff must make a prima facie showing of the pertinent jurisdictional facts." *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C.Cir.1988). To meet this burden, the plaintiff will normally be afforded the opportunity to engage in discovery relating to jurisdictional facts. *See GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C.Cir.2000) ("[I]f a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified."). "Therefore, before the complaint has been served and a response received, the court is not positioned to determine conclusively whether personal jurisdiction exists." *Anger v. Revco Drug Co.*, 791 F.2d 956, 958 (D.C.Cir.1986) (per curiam).

West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. at 14.

Here, the attempt to conclusively determine personal jurisdiction and venue at this stage of the case highlights how it is easy to misapply the relevant standards for the different stages of a case. Again, the Doe Defendants have not been named and served and are not being haled into this Court. There is no requirement that Plaintiff plead the basis for personal jurisdiction over any defendant in the complaint, and there is certainly no requirement that the Plaintiff establish personal jurisdiction or venue over the Doe Defendants with evidence.[11]

### III. CONCLUSION

As fully set forth in Plaintiff's original Motion for Leave to Take Discovery, which was granted by the Court, courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to this one.

Plaintiff has shown good cause for obtaining information related to all of the Doe Defendants from the non-party ISPs, especially considering that the ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. Therefore, the Court should at least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.

---

[11] The analysis in the Patrick Collins, Inc. v. Does 1-2,590 case further evidences the fatal flaw of certain courts failing to consider the procedural posture of a case. There, that court based its decision on finding there was no justification for "dragging into a[] [California] federal court, on a wholesale basis, a host of unnamed defendants over whom person jurisdiction clearly does not exist." 2011 U.S. Dist. LEXIS 140913, *4 (citing CP Productions, Inc. v. Does 1-300, 2011 WL 737761, at *1 (N.D. Ill. Feb. 24, 2011)). Here, Plaintiff has not "dragged" anyone into the jurisdiction of the Court yet, as it has not named any particular Doe Defendant.

**DATED**:  February 16, 2012

Respectfully submitted,

West Coast Productions, Inc.

By Counsel

By:

/s/_____
Ellis L. Bennett, Bar #479059
Dunlap Grubb & Weaver, PLLC
199 Liberty Street, SW
Leesburg, VA 20175
ebennett@dglegal.com
703-777-7319 (telephone)
703-777-3656 (fax)